FAIR, J.,
specially concurring:
¶ 24. While I concur with the majority’s decision, I write separately to clarify how our holding today affects current case law.
¶ 25. The supreme court has held that where a natural parent and a third party are engaged in a custody dispute, the natural-parent presumption will trump any custody rights of a third party. McKee v. Flynt, 680 So.2d 44, 47 (Miss.1993). But in Leverock, the court stated that if it is shown by clear and convincing evidence that the natural parent has either abandoned or deserted the child or been found unfit, the natural-parent presumption vanishes. In re Dissolution of Marriage of Leverock and Hamby, 23 So.3d 424, 431 (¶ 24) (Miss.2009). This places a natural parent on equal footing with a third party in a custody dispute, and an Albright analysis is necessary to determine the best interests of the child. Id. at 431 (¶ 24). That case took place in context of a father, a deceased mother, the foster parents of the deceased mother, and a petition to terminate the parental rights of the father by the foster parents.
¶ 26. Today we hold that, in the course of a custody dispute, if a court finds in an opinion detailing its findings of fact and conclusions of law that a parent is statutorily unfit within the meaning of section 93-5-24 of the Mississippi Code Annotated (Rev.2004), then an Albright analysis is not necessary. It would serve no purpose for a chancellor to write detailed findings as to unfitness as he did in this case and then regurgitate those findings in an Albright analysis.
¶ 27. However, should more than one third party be involved, then an Albright analysis would again become necessary to determine the best interests of the child. Here, as the only custodial options were Lucas or the Hendrixes, once the court determined Lucas was unfit, an Albright analysis would have been superfluous.
¶ 28. This opinion does not stand for the proposition that if a parent loses the natural-parent presumption, he is not entitled to an Albright analysis. It specifically holds that if a natural parent has been deemed unfit in detailed findings by the court during a custody proceeding, then a repetitive Albright analysis is not necessary within that same written opinion.
LEE, C.J., AND ISHEE, J., JOIN THIS OPINION.